**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| THOMAS MATTHEWS, on behalf of himself and others similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br><br>SPARTAN SOLAR LLC,<br><br>*Defendant.* | Case No.<br><br><br>**CLASS ACTION COMPLAINT** |

1.      Thomas Matthews ("Plaintiff") brings this class action against Spartan Solar LLC ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2.      Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement or marketing call or text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

**Jurisdiction and Venue**

3.      This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

4.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(1)

1

as Defendant resides in this district.

## Parties

5.    Plaintiff is a natural person who at all relevant times resided in Roanoke, Virginia.

6.    Defendant is a limited liability company headquartered in Orlando, Orange County, Florida.

## Factual Allegations

7.    Plaintiff is the regular and sole user of his cellular telephone number— (540) XXX-XXXX.

8.    Plaintiff uses, and at all times since used, telephone number (540) XXX-XXXX as his personal residential telephone number.

9.    Plaintiff does not use, and at no time used, telephone number (540) XXX-XXXX for business or commercial purposes.

10.    Plaintiff registered telephone number (540) XXX-XXXX with the DNC Registry on August 31, 2021, and it has been on the Do Not Call Registry ever since.

11.    Plaintiff does not have a landline telephone number in his home or any other telephone number.

12.    Plaintiff uses his cellular phone number for personal use only as one would use a landline telephone number in a home.

13.     Plaintiff uses his cellular phone number primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

14.     Plaintiff personally pays for his cell phone plan; it is not reimbursed by a business.

15.     Plaintiff received three calls and two text messages from Defendant.

16.     The first call was received on July 5, 2024 from caller ID (540) 524-2542.

17.     Defendant advertised its business and Plaintiff said he was not interested.

18.     The second call was received on July 20, 2024 from caller ID (540) 524-6918.

19.     Defendant marketed its business and again Plaintiff said he was not interested.

20.     The third call was received on November 20, 2024 and was autodialed from caller ID (540) 528-1741.

21.     The caller identified herself as "Lisa" and asked if Plaintiff was interested in a solar panel system for his home.

22.     "Lisa" asked further qualifying questions and was then transferred to "Damian" in the "verification department" who asked Plaintiff more qualifying questions.

23.     "Damian" then transferred Plaintiff to "James Smith" who stated he was from Spartan Solar.

24.     Mr. Smith and Plaintiff discussed more solar program information and an appointment was set up for Tuesday at 10 a.m.

25.     Following this conversation with Defendant on November 20, 2024, Plaintiff received a text message from (276) 218-3227 that same day.

26.     Plaintiff then received another text message from Defendant from the same telephone number on November 26, 2024.

27.     Screenshots of the text messages are below:

← 👤 (276) 218-3... 📞 📹 ⋮

Good morning, we are a company that is partnered with Nexus Energy Systems. We come to your home and bring you the information about solar and about this top rated solar installation company. Their website is https://nexussolar.net/ if you would like to check them out before the appointment. All you need for the appointment is a power bill and your consultant will

← 👤 (276) 218-3... 📞 📹 ⋮

installation company. Their website is https://nexussolar.net/ if you would like to check them out before the appointment. All you need for the appointment is a power bill and your consultant will build a custom proposal for your home with our state of the art software that calculates shade, azimuth, pitch and more to figure out the amount of panels you need to give you the right offset for your power usage. Every question you have will be answered during your appointment.



← 👤 (276) 218-3... 📞 📹 ⋮

9:08 AM

TONI, this is just a friendly reminder of your solar appointment today at 10:00 AM EST . Ethan Hale is your consultant and they will walk you through all solar options and explain how it works at the time of the appointment. We look forward to meeting with you :)

I did not receive the email that I was told was coming so I was not sure about the appointment.  So I did Not take the morning off work. Sorry for the inconvenience.

10:47 AM

You should have received an email invite and an email reminder for the appointment to trossmattews@yahoo.com  is that the correct email?

11:47 AM

Trossmatthews@yahoo.com

ohh I see, it looks like we have your email in our system incorrectly so thats why you didnt get the confirmation emails. Sorry about that! I will fix



28.    Defendant called Plaintiff three times, thirty-one or more days after the phone number was registered telephone number with the DNC Registry.

29.    The purpose of the calls was to advertise and market Defendant's business or services.

30.    Plaintiff did not give Defendant prior express consent or permission to call Plaintiff at (540) XXX- XXXX.

31.    Plaintiff did not request information or promotional materials from Defendant.

32.    Plaintiff suffered actual harm as a result of the calls in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

7

33. Upon information and good faith belief, Defendant knew, or should have known, that telephone number (540) XXX-XXXX was registered with the DNC Registry.

## Class Action Allegations

34. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing text message or call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

35. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

36. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

37. The exact number of members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

38. The class is ascertainable because it is defined by reference to objective criteria.

8

39. In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

40. Plaintiff's claims are typical of the claims of the members of the class.

41. As it did for all members of the class, Defendant delivered, or caused to be delivered, solicitation calls to Plaintiff's telephone number more than thirty-one days after Plaintiff's telephone number was registered with the DNC Registry.

42. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

43. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

44. Plaintiff suffered the same injuries as the members of the class.

45. Plaintiff will fairly and adequately protect the interests of the members of the class.

46. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

47. Plaintiff will vigorously pursue the claims of the members of the class.

48. Plaintiff has retained counsel experienced and competent in class action litigation.

49. Plaintiff's counsel will vigorously pursue this matter.

50.    Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

51.    The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

52.    Issues of law and fact common to all members of the class are:

   a.  Defendant's conduct, pattern, and practice as it pertains to delivering, or causing to be delivered, advertisement and telemarketing text messages;

   b.  Defendant's practice of delivering, or causing to be delivered, text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

   c.  Defendant's violations of the TCPA; and

   d.  The availability of statutory penalties.

53.    A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

54.    If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

55.    The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

56. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

57. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

58. The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

59. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

60. There will be no extraordinary difficulty in the management of this action as a class action.

61. Defendant acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I
## Violation of 47 U.S.C. § 227(c)(5)

62. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-61.

63.     In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

64.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

65.     Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

66.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

67.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to persons such as Plaintiff and the class

12

members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

68.    Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the class, more than one solicitation text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

69.    As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e) Enjoining Defendant from continuing its violative behavior, including continuing to deliver, or causing to be delivered, solicitation text

messages to telephone numbers registered with the DNC Registry for at least thirty days;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(c)(5)(C);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: June 24, 2025           PLAINTIFF, on behalf of himself
and others similarly situated,

*/s/ Avi. R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382) (Lead Counsel)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)

14

rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Counsel for Plaintiff and the proposed Class*

15